IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *ex rel.* JOHN DOE; AND | ) | CIVIL ACTION NO. |
| | ) | 1:16-cv-780-ELR |
| STATE OF GEORGIA, | ) | |
| *ex. rel.* JOHN DOE; | ) | (Under Seal) |
| | ) | |
| Plaintiffs-Relator, | ) | |
| v. | ) | |
| | ) | |
| PIEDMONT HEALTHCARE, INC., | ) | |
| PIEDMONT HOSPITAL, INC., | ) | |
| PIEDMONT ATLANTA HOSPITAL, | ) | |
| INC., PIEDMONT FAYETTE | ) | |
| HOSPITAL, INC., PIEDMONT | ) | |
| MOUNTAINSIDE HOSPITAL, INC., | ) | |
| PIEDMONT NEWNAN HOSPITAL, | ) | |
| INC., PIEDMONT HENRY | ) | |
| HOSPITAL INC., PIEDMONT | ) | |
| MEDICAL CARE CORPORATION, | ) | |
| PIEDMONT CARDIOLOGY OF | ) | |
| ATLANTA, LLC, PIEDMONT HEART | ) | |
| INSTITUTE PHYSICIANS, INC., | ) | |
| PIEDMONT HEART INSTITUTE, | ) | |
| INC. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF ELECTION TO INTERVENE IN PART AND DECLINE TO INTERVENE IN PART

Pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730(b)(2) and (4), and

the Georgia False Medicaid Claim Act, O.C.G.A. § 49-4-168, *et seq.*, the United

States and State of Georgia (collectively referred to as the "Government") notify the Court of their decision, for settlement purposes, to intervene in part of this action and to decline to intervene in part of this action. The Government intervenes in that part of the action that alleges:

1. From January 1, 2009 through December 31, 2013, Piedmont submitted or caused to be submitted claims for payment to Medicare and Medicaid for zero-day, one-day, and two-day inpatient admissions of Medicare and Medicaid beneficiaries that should have been billed as outpatient or observation services for Medicare and Medicaid beneficiaries whose length of stay after inpatient admission was two days or fewer, whose records were reviewed by an outsourced physician review company, and who were designated as inpatients at Piedmont Atlanta Hospital after the outsourced reviewer's determination that inpatient admission was warranted.

2. Piedmont paid the following remuneration to physicians affiliated with Atlanta Cardiology Group ("ACG" or "ACG Physicians"): (i) Piedmont's acquisition of ACG practice on November 15, 2007; (ii) Piedmont's acquisition of the ACG Physicians' interest in the Cardiovascular Services of Atlanta, LLC's ("CSA") cardiac catheterization lab business on November 15, 2007; and (iii) Piedmont's subsequent employment agreements with ACG Physicians, including

compensation arrangements between Piedmont entities and ACG physicians effective November 15, 2007. The remuneration was paid for referrals of Medicare and Medicaid patients in violation of the Federal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320(a)–7b(b)(2) and did not fit any safe harbor to the AKS. Beginning November 15, 2007, the date that Piedmont acquired ACG, and ending December 31, 2018, Piedmont and its affiliated corporate entities submitted claims for payment to the Medicare and Medicaid Programs resulting from referrals by the ACG Physicians in violation of the False Claims Act, 31 U.S.C. § 3729, *et seq.*, AKS, and the Georgia False Medicaid Claims Act, and O.C.G.A. § 49-4-168 *et seq.*

The Government declines to intervene in the remaining allegations of the complaint. Concurrently with the filing of this Notice, the United States, State of Georgia, and Relator are filing a Joint Notice of Dismissal and an accompanying Proposed Order dismissing with prejudice as to the United States and State of Georgia the allegations contained in the Covered Conduct in the Settlement Agreement between the United States, State of Georgia, Relator, and Defendants and, in addition, any claims under 42 U.S.C. § 1395nn arising from the facts set forth in the Covered Conduct in the Settlement Agreement. The United States, State of Georgia, and Relator are dismissing the remaining allegations without prejudice to the United States or State of Georgia.

The Government requests that the Complaint (Doc. 1), this Notice, the attached Proposed Order, the Joint Notice of Dismissal, and the Order thereon be unsealed. The Government requests that all other papers on file in this action remain under seal because in discussing the content and extent of the Government's investigation, such papers are provided by law to the Court alone for the sole purpose of evaluation whether the seal and time for making an election to intervene should be extended.

Finally, the operative Complaint is a "John Doe" Complaint that does not name the Relator. In general, the Government does not resolve False Claims Act matters with anonymous Relators. Therefore, the Government respectfully requests the Court order Relator to show cause why Relator should not refile the Complaint with Relator's true name.

A Proposed Order accompanies this Notice.

Respectfully submitted on this 18th day of June, 2020.

        BYUNG J. PAK
        UNITED STATES ATTORNEY

        /s/ Armen Adzhemyan
        ARMEN ADZHEMYAN
        ASSISTANT UNITED STATES ATTORNEY
        GA Bar No. 120079
        600 U.S. Courthouse
        75 Ted Turner Drive SW

Atlanta, GA 30303
Tel: (404) 581-6000
armen.adzhemyan@usdoj.gov

Counsel for the United States of America


CHRISTOPHER M. CARR
ATTORNEY GENERAL

/s/ James Mooney
JAMES MOONEY
ASSISTANT ATTORNEY GENERAL
Georgia Bar No. 940402
200 Piedmont Ave, S.E.
West Tower, 19th Floor
Atlanta, GA 30334
Tel: 404-656-5242
Email: jmooney@law.ga.gov

Counsel for the State of Georgia

## CERTIFICATE OF SERVICE

I hereby certify that the United States and State of Georgia's Notice of Election to Intervene in Part and Decline to Intervene in Part, the United States, State of Georgia, and Relator's Notice of Dismissal Pursuant to Rule 41, and Proposed Order were served by e-mail as follows:

For the State of Georgia, James P. Mooney, Assistant Attorney General, at jmooney@law.ga.gov.

For Relator, Raymond L. Moss, Moss & Gilmore LLP, at rlmoss@mossandgilmorelaw.com.

For all Defendants, Michael E. Paulhus, King & Spalding LLP, at mpaulhus@kslaw.com.

This 18th day of June, 2020.

/s/ Armen Adzhemyan
ARMEN ADZHEMYAN
ASSISTANT U.S. ATTORNEY